IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **J.C., by his next friend and mother, SHERINA BROWN,**<br><br>Plaintiff,<br><br>vs.<br><br>**JAMSLY DUVERNA,** *et al.*,<br><br>Defendants. | Civil Action No.: 1:23-cv-02204 TSC |

## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

NOW COMES defendant Washington Metropolitan Area Transit Authority (hereinafter "WMATA"), by and through undersigned counsel, hereby moves this Honorable Court to dismiss all counts in Plaintiff's Complaint against WMATA. WMATA has governmental immunity pursuant to Section 80 of the WMATA Compact for its police functions.

### SUMMARY OF ARGUMENT

Plaintiff asserts four counts in her Complaint. Only her negligence and assault and battery counts are alleged against WMATA. WMATA is immunized against both counts because Plaintiff's allegations arise solely out of a quintessential governmental function for which WMATA enjoys sovereign governmental immunity under Section 80 of the WMATA Compact. *See Dant v. District of Columbia,* 829 F.2d 69, 74 (D.C.Cir.1987).

1

**THE COMPLAINT AGAINST WMATA**

On July 2, 2022, Plaintiff was outside of L'Enfant Plaza Metrorail station in the District of Columbia, intending to enter the system with friends. *See* Complaint, (ECF No. 4-1 at ¶¶ 8-9). Jamsly Duverna (hereinafter "Officer Duverna") refused Plaintiff and his friends' entry into the Metro Station and a physical interaction ensued. *Id*. at ¶¶ 9-14.[1]

Count three of the Complaint alleges that under a theory of *respondeat superior*, WMATA is liable for assault and battery because Officer Duverna, under the color of law, allegedly used force which was "intentional and excessive" against Plaintiff's son J.C. *Id.* at ¶¶ 36-40. In count four of the Complaint, Plaintiff alleges that WMATA was negligent when Officer Duverna allegedly "threw J.C. down the stairs and then charged him with disorderly conduct…." *Id.* at ¶¶ 43-44.

**ARGUMENT**

**I.    LEGAL STANDARD**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) raises the issue of the court's authority to hear a case on the basis of subject matter jurisdiction. The court presumes that it lacks subject matter jurisdiction, "unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991). "The Plaintiff bears the burden of establishing the court's subject matter jurisdiction." *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the complaint. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007). In *Twombly*,

---

[1] WMATA disputes Plaintiff's allegations. However, they must be treated as true for the purpose of WMATA's Motion to Dismiss.

the Supreme Court held that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A complaint must include well-pleaded factual allegations that plausibly give rise to an entitlement for relief. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. WMATA IS IMMUNIZED FROM PLAINTIFF'S CLAIMS BECAUSE THE ALLEGATIONS ARISE OUT OF WMATA'S GOVENEMENTAL FUNCTION FROM OPERATING IT'S POLICE FORCE

WMATA is a governmental compact agency and instrumentality of the District of Columbia, the State of Maryland, and the Commonwealth of Virginia approved by Congress. The signatories to the WMATA Compact, together with Congress, have conferred their respective sovereign immunities on WMATA. See *Morris v. WMATA*, 781 F.2d 218, 219 (D.C. Cir.1986); *Sanders v. WMATA,* 819 F.2d 1151,1154 (D.C.Cir.1987); *Smith v. WMATA,* 290 F.3d 201,206 (4th Cir. 2002). WMATA established its police department, the Metro Transit Police Department ("MTPD") in 1976 pursuant to Section 76 of the WMATA Compact. See D.C. Code 9-1107.1(76); Pub. L. No. 94-306; D.C. Law 1-67, 23 DCR 601 (1976).

WMATA's sovereign immunity is found in Section 80 of the WMATA Compact. It states in relevant part that "[t]he Authority shall … not be liable for any torts occurring in the performance of a governmental function." See D.C. Code § 9-1107.01(80). The Compact is clear that WMATA only intended to waive its sovereign immunity for contracts and torts committed in the course of WMATA's proprietary function. The D.C. Circuit has held that "[t]o distinguish governmental from proprietary functions, [courts] ask whether the activity amounts to a quintessential governmental function, like law enforcement." See *Beebe v. WMATA,* 129 F.3d 1283, 1287 (D.C.Cir.1997) (quoting *Burkhart v. WMATA,* 112 F.3d 1207, 1216 (D.C.Cir.1997)).

3

Courts in the D.C. circuit have repeatedly stated that WMATA has immunity for its police function.  *See Doe v. WMATA,* 453 F.Supp.3d 354, 365 (D.D.C.2020)(potential criminal nature of conduct renders WMATA's actions within purview of its immunized law enforcement authority); *Cutchin v. District of Columbia*, 174 F.Supp.3d 427, 430 (D.D.C.2016) (recognizing that when Congress enacted the WMATA Compact, it foreclosed judicial remedy against WMATA for all torts, including invasions of federal civil rights, committed by WMATA in the exercise of police functions.); *Davis v. Sarles*, 134 F. Supp.3d 223, 227 (D.D.C.2015) (when WMATA transit police are involved, WMATA's function is governmental in nature.); *see also Burkhart,* 112 F.3d at 1216 (explaining police activity is quintessential governmental function).

Here, WMATA must be dismissed from Plaintiff's lawsuit with prejudice.   WMATA has not waived its immunity for governmental functions.   "If the operation of a police force is not a governmental function, then a governmental function may not exist." *Martin,* 667 F.2d at 436. (*Morris* held that WMATA's police activities are an exercise of a governmental function, and hence lie outside the scope of section 80's waiver of sovereign immunity.); *see also Dant,* 829 F.2d at 74.   All of Plaintiff's allegations against WMATA, for both negligence and assault and battery, pertain to and arise from Officer Duverna's and/or MTPD's law enforcement activity.   As such, the Complaint against WMATA must be dismissed with prejudice as a matter of law.

WHEREFORE, for the reasons stated herein, WMATA respectfully moves to dismiss Plaintiff's Complaint against it with prejudice.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY
By Counsel:

/s/ *Neal M. Janey, Jr.*
Neal M. Janey, Jr., *Bar No.*: 995449
Senior Counsel II
Legal Department – WMATA
300 7th Street SW
Washington, DC 20024
Telephone: (202) 627-4540
Facsimile:   (202) 962-2550

*Counsel for WMATA and Duverna*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum in Support of WMATA's Motion to Dismiss was forwarded via the Court's electronic filing system, on the 7th day of August 2023 to:

Deborah M. Golden
The Law Office of Deborah M. Golden
700 Pennsylvania Ave, SE, 2nd Floor
Washington, DC 20002

/s/ *Neal M. Janey, Jr.*
Neal M. Janey, Jr.

5