IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| J.C., by his next friend and mother,<br>SHERINA BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 1:23-cv-02204 TSC |
| JAMSLY DUVERNA, *et al.* | : | |
| | : | |
| Defendants. | : | |

## JOINT RULE 16.3 REPORT

The parties, by and through their undersigned counsel, hereby submit their Joint Report pursuant to Local Civil Rule 16.3(c) and Fed. R. Civ. P. 26(f). Counsel for the parties conferred on September 28 and 29, 2023, and jointly submit this report setting forth their positions on the matters discussed during the conference. The Initial Scheduling Conference is set for October 4, 2023, at 10:00 a.m. in Courtroom 9.

**A.      Statement of the Case**

The parties provide the following statement which describes the nature of the case, the identities of the parties, and the statutory basis of the Court's jurisdiction for all causes of action and defenses:

Sherina Brown ("Plaintiff") brings the instant action on behalf of her minor son J.C. against Officer Jamsly Duverna ("Defendant") of the Washington Metropolitan Area Transit Authority's Metro Transit Police Department. This court has jurisdiction pursuant to Section 81 of the WMATA Compact, which is D.C. Code § 9-1107.10, and 28 U.S.C. §1441, given the

federal claims asserted in case.

Plaintiff alleges that on July 2, 2022, at approximately 9:00pm, her child, J.C., along with ten other boys and girls, attempted to enter the L'Enfant Plaza Metro Station. They were denied entry by Defendant and other unknown police officers of the Metro Transit Police Department. An argument ensued between J.C., the ten other boys and girls, Defendant, and other unknown police officers. J.C. allegedly tried to deescalate the situation. However, during the argument, Defendant used excessive force and pushed J.C. to the ground causing injury. Defendant subsequently charged J.C. with disorderly conduct without probable cause.

Defendant denies using excessive force against J.C. He further denies arresting J.C. without probable cause and/or legal justification.

**B.    Proposed Schedule**

The parties propose the following schedule:

| | |
|---|---|
| Commencement of Discovery | October 5, 2023 |
| Rule 26(a)(1)(A) Initial Disclosures | November 6, 2023 |
| Deadline to Amend Pleadings/Join Additional Parties | November 27, 2023 |
| Plaintiff's Rule 26(a)(2) Expert Disclosures | January 26, 2024 |
| Defendant's Rule 26(a)(2) Expert Disclosures | March 12, 2024 |
| End of Discovery | April 12, 2024 |
| Dispositive Motions Due | To be determined by the Court after a status conference. |
| Pretrial Conference | To be determined by the Court after a status conference. |

| | |
|---|---|
| Trial | To be determined by the Court after a status conference. |

<b><u>Matters Discussed by the Parties Pursuant to L.CvR 16.3(c)</u></b>

The parties' counsel held a teleconference on September 28, 2023, to discuss the following matters set forth in Local Civil Rule 16.3:

**(1)     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Plaintiff submits that it is unlikely the case will be resolved by dispositive motion. Defendant submits that dispositive motions may be possible depending on the development of facts.

**(2)     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties proposed schedule includes a deadline for joinder and amendment of the pleadings.

**(3)     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to a magistrate judge.

**(4)     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedure (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

It is too early for the parties to say whether there is a realistic possibility of settling the case.  The parties will continue to evaluate their respective cases for settlement purposes

as discovery proceeds. Nonetheless, the parties believe ADR procedures may be appropriate, and that a prerequisite for such procedures would be a period of discovery or other disclosure relating to Plaintiff's allegations. The parties believe that the case should advance through fact discovery and Rule 26(a)(2) disclosures to determine whether ADR is appropriate in this case. If during discovery the parties jointly conclude that the case would benefit from ADR in the form of mediation with the District Court's Mediation Program or a Magistrate Judge, the parties will notify the Court.

**(5)  Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff submits that it is unlikely the case will be resolved by summary judgment. She believes there will be material dispute of facts which would prevent summary judgment. Defendant submits that it is possible the case can be resolved by dispositive motions; however, development of the record is necessary.

The parties do not wish to propose an alternative briefing order for dispositive motions at this time.

**(6)  Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties propose that initial disclosures be served on or before the date stated in the above schedule.

**(7)** **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

See proposed schedule above. With respect to discovery limits, the parties agree as to the following: depositions are limited to 10, excluding experts and interrogatories are limited to 25 per side per the Rule. The Defendant requests that requests for production of documents be limited to 25 each side. Defendant believes that a limitation is proportional to the discovery needs of this case. The Plaintiff opposes a limit on the number of requests for production. If the need for a protective order arises, Defendant will confer with Plaintiff in good faith to file a stipulated protective order by consent.

**(8)** **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to the preservation of electronic information. Defendant has placed a litigation hold on information which may be related to the claims and defenses in this case. To the extent possible, the parties will produce electronically stored information both in its native format and as PDFs. Whether in hard copy or electronic copy, the parties will stamp their respective document productions with individual Bates numbers.

- **(9) Any issues about claim of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Defendant takes the position that it will not produce personnel files in the absence of a protective order. Plaintiff takes the position that she will not produce medical or other personal records related to J.C. in the absence of a protective order. Defendant also believes that some files may require redaction to protect privilege. The parties will negotiate a mutually agreeable protective order and submit it to the Court.

- **(10) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The parties do not believe that the requirements should be modified. See proposed schedule above.

- **(11) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

- **(12) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

At this time, the parties do not believe that the proceedings or discovery should be bifurcated or managed in phases.

- **(13) The date for the pretrial conference.**

The parties propose that the pretrial conference be scheduled at the conclusion of

6

discovery during a status conference.

> **(14) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that the pretrial conference be scheduled at the conclusion of discovery during a status conference.

> **(15) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

No other issues.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| SHERINA BROWN, Plaintiff,<br>As Next Friend of J.C.<br>By Counsel: | WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY<br>By Counsel: |
| */s/ Deborah M. Golden*<br>Deborah M. Golden, *Bar No. 470578*<br>THE LAW OFFICE OF DEBORAH M. GOLDEN<br>700 Pennsylvania Ave. SE, 2nd Floor<br>Washington, DC 20002<br>Telephone: (202) 630-0332<br>Email: dgolden@debgoldenlaw.com<br><br>*Counsel for Plaintiff* | /s/ *Neal M. Janey, Jr.*<br>Neal M. Janey, Jr., *Bar No.*: 995449<br>SENIOR COUNSEL II<br>Legal Department – WMATA<br>300 7th Street SW<br>Washington, DC 20024<br>Telephone: (202) 627-4540<br>Facsimile:  (202) 962-2550<br>Email: nmjaney@wmata.com<br><br>*Counsel for Defendants* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**J.C., by his next friend and mother,** :
**SHERINA BROWN,** :
                                      :
   **Plaintiff,** :
                                      :
   **v.** :
                                      :   **CASE NO.: 1:23-cv-02204 TSC**
**JAMSLY DUVERNA,** *et al.* :
                                      :
   **Defendants.** :

**PROPOSED SCHEDULING ORDER**

1. **DEADLINES:**

UPON CONSIDERATION of the parties joint Rule 26(f) Report, it is this _____ day of

_____ 2023, hereby ORDERED that:

| | |
|---|---|
| Commencement of Discovery will start on | October 5, 2023 |
| Rule 26(a)(1)(A) Initial Disclosures are due | November 6, 2023 |
| Deadline to Amend Pleadings/Join Additional Parties is | November 27, 2023 |
| Plaintiff's Rule 26(a)(2) Expert Disclosures is due | January 26, 2024 |
| Defendant's Rule 26(a)(2) Expert Disclosures is due | March 12, 2024 |
| End of Discovery is | April 12, 2024 |
| Defendants' Motion for Summary Judgment due | _____ |
| Plaintiff's Response due | _____ |
| Defendant's Reply due | _____ |

2. **DEPOSITIONS AND INTERROGATORIES:**

Absent agreement of the parties or Order of the Court to the contrary, the parties shall be limited to no more than ten (10) depositions, excluding expert depositions, and no more than twenty-five (25) interrogatories per side.

[The parties are limited to twenty-five (25) requests for production per side. / There are no limitations on the number of requests for production.]

3. **DISCOVERY DISPUTES:**

Counsel shall confer in good faith in an effort to resolve any discovery dispute. If counsel are unable to resolve the dispute, they must first **JOINTLY** submit, via email to chambers, a clear, concise description of the issues in dispute, each party's position on the disputed issues, and the parties' joint availability for an on-the-record telephone conference. The court will then respond as soon as practicable to schedule a telephone conference and provide the parties with call-in information.

**Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel.**

Counsel are hereby notified that a party who does not prevail in a discovery dispute may be ordered to pay the costs involved, including reasonable attorney's fees.

4. **REQUEST FOR APPOINTMENT OF MEDIATOR:**

If at any point the parties desire to engage in mediation, with a Magistrate Judge or through the Mediation Program of the Circuit Executive's Office, the parties shall file a joint

motion captioned "Joint Motion for Mediation."

Date:_____

_____
Tanya S. Chutkan, JUDGE
United States District Court for the District of Columbia